IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

MELVIN WEATHERHOLT and
JOY WEATHERHOLT

        Plaintiff

v.                                           No.:

CROCKETT COUNTY SCHOOL BOARD and
APRIL HILLIARD, and PATRICK DWYER,
and KYLIE DOYLE,

Defendant

---

## COMPLAINT
## JURY DEMANDED

COMES NOW THE PLAINTIFFS, MELVIN WEATHERHOLT AND JOY WEATHERHOLT by and through the undersigned counsel files this their Complaint for damages pursuant to 42 USC §1983, 42 USC § 1988[1], and TENNESSEE COMMON LAW, and in support thereof states as follows:

       1. Plaintiffs, Melvin Weatherholt and Joy Weatherholt are adult resident citizens of Crockett County, Tennessee.

       2.  Defendant, Crockett County School Board  ("Crockett County") is a political subdivision of the State of Tennessee. Defendant, Crockett County is the owner and operator of

---

[1] This Court has subject matter jurisdiction of this action pursuant to 28 USC § 1331 (Federal Question). Venue is proper in this district as the Defendants all reside or are deemed to reside in this district pursuant to 28 USC § 1391.   The Court has supplemental jurisdiction over the state law claims pursuant to 28 USC § 1367.

1

the Maury City Elementary School. Crockett can be served by serving Phillip Pratt Director of Schools 102 North Cavalier Drive Alamo, Tennessee 38001.

  3. Crockett County, is liable for the violation of Plaintiffs' constitutional rights because these actions were pursuant to a policy, custom, ordinance, regulation, decision, ratification, edict or act of a policymaker in failing to properly, train, supervise, discipline, retain, or hire April Hilliard (Maury City Elementary School Secretary) and Patrick Dwyer (Tennessee Highway Patrolman working at Maury City Elementary School under the direction and control of Kelly Doyle Maury City Elementary Vice Principal) These policies, customs, ordinances, regulations, decisions, ratifications edicts or acts of the policymaker under the color of state law were the moving force in the injuries and damages to Plaintiffs. Crockett County is liable for the intentional acts and conduct of Hillard, Doyle, and Dwyer the color of state law and the office of secretary and vice principal and assistant secretary.

  4.Defendant April Hilliard ("Hillard") was at all times relevant to this action acting in the course and scope of his employment as a Crockett County secretary for Maury City Elementary under the color of the office of Sheriff, under the color of state law, and in her individual and official capacity as the secretary Maury City Elementary. Hilliard is an adult, her residential status is currently unknown to the Plaintiff but is believed to reside in Crockett County, Tennessee. Doyle is liable as a supervisor pursuant to §1983 for the unreasonable seizure of Plaintiffs. Hilliard may be served with process at his business address of Maury City Elementary 2556 TN-88 Alamo, Tennessee.

  5. Defendant Kylie Doyle ("Doyle") was at all times relevant to this action acting in the course and scope of his employment as a Crockett County employee, under the color of the office of vice principal under the color of state law, and in her individual and official capacity as a vice principal of Maury City Elementary. Doyle is an adult, her residential status is currently unknown to the Plaintiff but is believed to reside in Crockett County, Tennessee.

2

Doyle may be served with process at his business address of Maury City Elementary 2506 TN 88 Alamo, Tennessee. Doyle is liable as a supervisor pursuant to §1983 for the unreasonable seizure of Plaintiffs.

6. Defendant Patrick Dwyer ("Dwyer") was at all times relevant to this action acting in the course and scope of his employment as a Crockett County agent , under the color of the office of assistant to Hilliard under the color of state law, and in his individual and official capacity as assistant to the Secretary of Maury City Elementary. Dwyer is an adult, his residential status is currently unknown to the Plaintiff but is believed to reside in Crockett County, Tennessee.

7. That on or about December 15, 2022 , Doyle, Dwyer, and Hillard were operating in the above described individual and official capacities on behalf of Crockett County School Board.

8. On or about December 15, 2022, Plaintiffs went to the Maury County Elementary Schools Student Sing Along an event open to the public to be near their grandchild.

9. Hillard and Dwyer unreasonably seized Plaintiffs and unlawfully arrested them by forcing them to leave the event and physically accousting them and forcing them to leave the event under the pretext that a court order had been issued preventing them from attending the event.

10. Hillard and Dwyer conducted this unreasonable seizure and continued to seize them by physically accosting them in the public event with a large number of the members of the community present. Hillary and Doyle also restrained Plaintiffs liberty by threating them with further physical application of force in conjuction with very load verbal demands that they leave the premises and continued to escort them out of the event. and continued verbal restraint of liberty.

.         11. Doyle was present on scene as the supervisory officer and did not restrain or prevent Hillard and Dwyer from unlawfully seizing or unlawfully arresting Plaintiffs.   Doyle all material times had the authority and obligation to order all Crockett County Maury City

3

Elementary employees and agents to not take any action regarding the unlawful seizure or arrest of Plaintiffs or the violation procedural and substantive due process rights Plaintiffs in the restraint of their liberty interests by Hillary and Doyle.  Doyle failed to do this and even participated in showing the Court of Appeals opinion ("the pretextual court order") to Plaintiffs that confirmed that Plaintiff Melvin did not have grandparent visitation rights but did not restrain or otherwise bar him from any public event or being in proximity to his grandchild.

## FIRST CAUSE OF ACTION AGAINST CROCKETT COUNTY BOARD OF EDUCATION

12. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

13. Defendant Crockett County, its officers, agents and employees committed the above described actions and omissions under color of law, substantially depriving Plaintiffs of their rights, privileges, and immunities guaranteed to them as citizen of the United States in violation of 42 USC §1983 and deprived Plaintiffs of rights guaranteed to him by the Fourth Amendment & the Fourteenth Amendment of the United States Constitution including, but not limited to, freedom from excessive force, unreasonable search, unreasonable seizure and unreasonable application of force. Defendant Crockett County, its officers, agents and employees committed the above described actions and omissions under color of law, substantially depriving Plaintiffs of its rights, privileges, and immunities guaranteed to it as citizen of the United States in violation of 42 USC §1983 and deprived Plaintiffs of rights guaranteed to it by the Fourteenth Amendment of the United States Constitution including, but not limited to, freedom from procedural due process violations and substantive due process violations including restraint of liberty interest.

14. Defendant Crockett County directly or with deliberate indifference, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of

its employees, by failing to enact proper procedures and policies. Defendant has approved, condoned, and ratified the unlawful conduct of its employees and agents. Crockett County acted in deliberate indifference to Plaintiffs health and welfare by failing to properly train the Hillard, Doyle, and Dwyer in the reasonable use of force, and this failure was a proximate cause and moving force of the injuries to Plaintiffs and the deprivation of their liberty interest. Crockett County acted in deliberate indifference to Plaintiffs health and welfare by failing to properly supervise Hillary and Doyle, and Dwyer in the reasonable use of force, and this failure was a proximate cause and moving force of the injuries to and deprivation of liberty to Plaintiffs. Crockett County exhibited a custom of tolerance for excessive force claims and unlawful arrest claims in violation of the IV Amendment a custom of tolerance for deprivations of liberty without substantive or procedural due process in violation of the XIV Amendment and this custom of tolerance was a proximate cause and moving force of the injuries and deprivation Plaintiffs.

15. The direct and proximate result of this Defendants' acts was that Plaintiffs suffered severe injuries as set forth herein.

SECOND CAUSE OF ACTION AGAINST CROCKETT COUNTY

16. On and before December 15, 2022, the Crockett County School Board was the final policymaker for Crockett County regarding the implementation of the use of force policy and arrest on the school property of Maury City Elementary by school employees. The Crockett County School Board ratified Hillary Doyle and Dwyer's unreasonable seizure and unlawful arrest in violation of Plaintiffs IV Amendment rights to be free from unreasonable searches and seizures, and restraint of Plaintiffs liberty in violation of the XIV Amendment Crockett County.

17. Soon after December 15, 2022, Plaintiffs sent a spoliation letter to Crockett County Board of Education in an attempt to address the events of December 15, 2022.

18. The Crockett County Board failed to address or even recognize the spoliation letter

or conduct an internal investigation of any type to determine if the actions of Doyle, Dwyer, and Hillary were appropriate and consistent with the IV Amendment and XIV Amendment.

19. The Crockett County Board of Education is liable for this ratification of the December 15, 2022 constitutional violations which proximately resulted in the injuries and damages to Plaintiffs by failing to respond to the spoliation letter that

FIRST CAUSE OF ACTION AGAINST HILLARD AND DWYER

20. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

21. Plaintiffs hereby assert §1983 claims against HILLARD AND DWYER in their individual or personal capacity for the unreasonable and excessive application of force against Plaintiff in unlawfully seizing him or unlawfully arresting him in violation of his rights to be free of unreasonable searches and seizures secured by the IV Amendment by physical accosting Plaintiffs and physically forcing Plaintiffs to leave a pubic event which proximately resulted in injuries to Plaintiffs and depriving Plaintiffs of their liberty interest by verbally and loudly demanding that they leave the premises under the pretext of a court order barring their attendance causing it injury.

22. That due to outrageous conduct and intentional acts of these Defendants, and award of punitive damages is just and proper against Hillard and Dwyer .

SECOND CAUSE OF ACTION AGAINST HILLARD AND DWYER

23. The allegations set forth in the previous paragraphs of this Complaint are Incorporated herein by reference.

24. Plaintiff hereby asserts all common law claims resulting from the intentional actions of Defendant Hunter which constitute assault, battery and other intentional torts.

6

FIRST CAUSE OF ACTION AGAINST KYLIE DOYLE

25. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

26. Plaintiffs hereby assert §1983 claims against KYLIE DOYLE as a supervisor on the scene in her individual or personal capacity for the unreasonable and excessive application of force against Plaintiffs in violation of their rights to be free of unreasonable searches and seizures secured by the IV Amendment which proximately Plaintiffs injuries. Plaintiffs also assert §1983 claims against KYLIE DOYLE as a supervisor on the scene in her individual or personal capacity for the deprivation of liberty interests of the Plaintiffs in violation of their rights XIV Amendment which proximately Plaintiffs injuries and deprivation

DAMAGES

27. As a proximate result of the foregoing conduct of the Defendants, the Plaintiffs sustained the following damages: emotional distress with physical manifestations loss of income and embarrassment, loss of business income due emotional distress and restraint of liberty.

PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED Plaintiffs demand judgment against the Defendants on each count of the Complaint jointly and severally and seeks the following relief: a. Issue service of process and serve Defendants; b. Grant any reasonable request to Amend Plaintiff's Complaint to conform to the discovery and evidence obtained in this matter; c. Award the Plaintiff not less than $3,000,000.00 in compensatory damages due to the actions of the Defendants; f. Award the Plaintiff punitive damages in an amount not less than $3,000,000.00.

7

g. Grant the Plaintiff pre-judgment and post-judgment interest; h. Award the Plaintiff attorneys' fees and suit expenses pursuant to § 1988(b);

A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES WHEN JOINED.

        Respectfully submitted,

         **/s/Drayton D. Berkley**

        Drayton D. Berkley, Esq.(022601)
        Berkley Law Firm, PLLC
        1255 Lynnfield Ste 226
        Memphis, TN 38119
        attorneyberkley@gmail.com
        *Attorney for Plaintiff*
P.O. Box 771048
Memphis, TN  38177