IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MELVIN WEATHERHOLT and ) <br> JOY WEATHERHOLT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CROCKETT COUNTY SCHOOL ) <br> BOARD, et al., ) <br> ) <br> Defendants. ) | Case No. 1:23-cv-01275-JDB-jay |

ORDER GRANTING MOTION TO DISMISS CLAIMS AGAINST PATRICK DWYER

Before the Court is the motion of Defendant, Patrick Dwyer, to dismiss Plaintiffs' claims against him for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry ("D.E.") 15.) Plaintiffs, Melvin and Joy Weatherholt, filed a response (D.E. 26) to which Dwyer replied (D.E. 27). For the following reasons, Defendant's motion (D.E. 15) is granted and the allegations against him are dismissed.

FACTUAL BACKGROUND

On December 15, 2022, Plaintiffs attended a public student sing along at Maury County Elementary School to see their grandchild.[1] (D.E. 1 at PageID 3.) Purporting to possess a court order preventing the Weatherholts from attending the event, Dwyer—who Plaintiff alleges was a Tennessee Highway Patrolman working on behalf of the school at the time[2]—and another

---

[1] The following allegations are derived from the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] The complaint identifies Dwyer as a Tennessee Highway Patrolman (D.E. 1 at PageID 2) but then adds that he was acting "under the color of the office of assistant to Hilliard under the color of state law, and in his individual and official capacity as assistant to the Secretary of Maury City [sic] Elementary." (*Id.* at PageID 3.) It is, therefore, unclear in what capacity Plaintiff claims

Defendant, April Hilliard, made Plaintiffs leave the event. (*Id.*) According to the complaint, in so doing, Dwyer "physically accoust[ed] [sic]" the Weatherholts as well as unreasonably seized and arrested them at a "public event with a large number of the [sic] members of the community present." (*Id.*) Ultimately, Hilliard and another Defendant, Kylie Doyle, but not Dwyer, allegedly forced Plaintiffs to leave the premises of the school entirely. (*Id.*) Based on these actions, the Weatherholts initiated this lawsuit under 42 U.S.C. § 1983 on December 15, 2023. (*Id.*) They seek $3,000,000 in compensatory damages and $3,000,000 in punitive damages from Defendants. (*Id.* at PageID 7–8.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining if dismissal is appropriate, the court "must accept the complaint's well-pleaded factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). "However, 'a legal conclusion couched as a factual allegation' need not be accepted as true." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive, a complaint "must state a claim to relief that rises 'above the speculative level' and is 'plausible on its face.'" *Luis*, 833 F.3d at 625 (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

Dwyer was operating at the time of this incident. (*Id.* at PageID 2–3.) For purposes of this motion, the Court will accept for purposes of argument that Defendant was acting in some capacity under color of state law.

misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Because it is "context-specific," a court must rely upon its experience and common sense to ascertain whether a claim is plausible.  *Creative Bus., Inc. v. Covington Specialty Ins. Co.*, 559 F. Supp. 3d 660, 665 (W.D. Tenn. 2021) (citing *Iqbal*, 556 U.S. at 679).  "[I]f it appears beyond doubt that the plaintiff can prove no set of facts . . . that would entitle [them] to relief, . . . dismissal is proper."  *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 272 (6th Cir. 2016) (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 515 (6th Cir. 1999)).

      Although a court typically should not regard matters outside the pleadings, it "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, [if] they are referred to in the complaint and are central to the claims contained therein . . . ."  *Gavitt*, 835 F.3d at 640 (citations omitted).  As relevant here, in civil rights actions, a court may consider available video evidence.  *See Akima v. Peca*, 85 F.4th 416, 422 (6th Cir. 2023) (citing *Scott v. Harris*, 550 U.S. 372, 378–80 (2007)).  Furthermore, a court may rely upon that video to dismiss an action where the film is clear and plainly contradicts the allegations in the complaint.  *Id.* ("Still, at the motion to dismiss stage, we 'rely on the videos over the complaint' only 'to the degree the videos are clear and "blatantly contradict" or "utterly discredit" the plaintiff's version of events.'") (quoting *Bell v. City of Southfield*, 37 F.4th 362, 364 (6th Cir. 2022)).  In other words, the court may use the film to dismiss the action where no reasonable person could watch the video and view it as corroborating the complaint.  *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 386–87 (6th Cir. 2017).  This is because allegations that are contradicted by the video evidence cannot be deemed plausible and thereby are insufficient to overcome a motion to dismiss.  *See id.* (citing *Wall v. Mich. Rental*, 852 F.3d 492, 496 (6th Cir. 2017)).

## LAW & ANALYSIS

Plaintiffs make only one claim against Dwyer under 42 U.S.C. § 1983 for excessive or unreasonable force in violation of the Fourth Amendment's prohibitions on unreasonable searches and seizures.[3]  In its entirety, the Weatherholts' allegation stated:

> Plaintiffs hereby assert §1983 claims against HILLARD AND DWYER in their individual or personal capacity for the unreasonable and excessive application of force against Plaintiff in unlawfully seizing him or unlawfully arresting him in violation of his rights to be free of unreasonable searches and seizures secured by the IV Amendment by physical accosting Plaintiffs and physically forcing Plaintiffs to leave a public event which proximately resulted in injuries to Plaintiffs and depriving Plaintiffs of their liberty interest by verbally and loudly demanding that they leave the premises under the pretext of a court order barring their attendance causing it injury.

(D.E. 1 at PageID 6.)  For this behavior, which Plaintiffs deem to be "outrageous conduct and intentional acts," they seek both compensatory and punitive damages.  (*Id.* at PageID 6–8.)  In response, Defendant relies on video of the incident that he maintains shows no physical contact with the Weatherholts.  (D.E. 16 at PageID 66.)

To allege excessive force under the Fourth Amendment, a plaintiff must contend that the force used against them was objectively unreasonable.  *See Graham v. Connor*, 490 U.S. 386, 394–96 (1989).  Courts look to multiple factors to assess reasonableness, including:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (citing *Graham*, 490 U.S. at 396).

---

[3] The Weatherholts attempt to present two claims against Dwyer when they use the heading "SECOND CAUSE OF ACTION AGAINST HILLARD AND DWYER" following the initial assertion for excessive force.  (D.E. 1 at PageID 6.)  However, in the paragraphs that follow that second heading, Plaintiffs make no allegations against this Defendant.  (*Id.* at PageID 6–7.)  Consequently, the Court will not address unstated claims that the Weatherholts did not properly plead.

Here, the Court not only concludes that Dwyer did not inflict excessive force, but he never applied *any force* against the Plaintiffs. (D.E. 22.) The Weatherholts assertions of Defendant's excessive force against them (D.E. 1 at PageID 3, 6) are clearly implausible based on the available video evidence (D.E. 22). The film shows Dwyer approach Plaintiffs with Hilliard, engage in a conversation with them, and then exit the gymnasium. (*Id.*) It does not reflect Dwyer ever touching the Weatherholts. (*Id.*) Although Plaintiffs contend that the camera's vantage point makes it difficult to see whether Dwyer used force against them (D.E. 26 at PageID 91), that argument is unavailing because the video captures the entire scene in the bleachers and contact by Defendant with the Weatherholts never occurred (D.E. 22).

Admittedly, there is an eight-to-nine second gap on the video between when Dwyer and Plaintiffs exit the gymnasium and when the Defendant returns to the gymnasium. (*Id.*) Plaintiffs suggest that this time not covered by the video is sufficient to defeat Defendant's motion because the Court cannot observe what Dwyer did during that period. (D.E. 26 at PageID 91.) However, on the film that shows the Weatherholts and Hilliard walking into the school's office moments after exiting the gymnasium, Plaintiffs exhibit no evidence whatsoever that they had been the victims of excessive force or had engaged in some type of scuffle with Dwyer. (D.E. 22.) No reasonable juror could conclude that Dwyer inflicted any force on the Plaintiffs during the seconds off camera given the obvious lack of injury or evidence of a confrontation immediately after this brief absence of footage. (*Id.*) Accordingly, the video and the short time without it confirms that Defendant did not use excessive force against the Weatherholts, and Plaintiffs' allegations to the contrary are not plausible. (D.E. 1 at PageID 3, 6; D.E. 22.)

## CONCLUSION

For the foregoing reasons, Defendant's motion (D.E. 15) is GRANTED and Plaintiff's allegations against Dwyer are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 27th day of June 2024.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE